Troy Law, PLLC
*Attorneys for Plaintiffs, proposed FLSA Collective, and*
*potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
CHEN LIN,
JIANQUN ZHANG,
DI PAN,
BO LIU, and
JIALIANG PAN,

                                        Plaintiffs,

                        v.

THE DOLAR SHOP RESTAURANT GROUP, LLC
        d/b/a Dolar Shop,
SHANGHAI SHENZHUANG THE DOLAR SHOP
        CATERING MANAGEMENT CO., LTD.,
YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung,
TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken
        Cheung,
GE LI a/k/a Jerry Li.
QIN BO LIANG a/k/a Alvin Liang,
ZHONG BAO YUAN,
QIN CHUN GAO,
YING NAN QI a/k/a Frank Qi,
XIN FENG WANG a/k/a Ruby Wang, and
XIANG CHAO LIU,

                                        Defendants.
------------------------------------------------------------- x

Case No. 1:16-cv-02474-AMD-RML

**29 U.S.C. § 216(B)**
**COLLECTIVE ACTION AND**
**RULE 23 CLASS ACTION**

**FIRST AMENDED**
**COMPLAINT**

        Plaintiffs CHEN LIN, JIANQUN ZHANG, DI PAN, BO LIU, and JIALIANG PAN,

(collectively "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and

through the undersigned attorneys, Troy Law, PLLC, file this complaint against Defendants THE

DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop, SHANGHAI SHENZHUANG

THE DOLAR SHOP CATERING MANAGEMENT CO., LTD., YU ZHANG a/k/a Yu Cheung

a/k/a Suzie Cheung, TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken Cheung, GE LI a/k/a Jerry Li. QIN BO LIANG a/k/a Alvin Liang, ZHONG BAO YUAN, QIN CHUN GAO, YING NAN QI a/k/a Frank Qi, XIN FENG WANG a/k/a Ruby Wang, and XIANG CHAO LIU (collectively "Defendants") and allege as follows:

## INTRODUCTION

1.  This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.  Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Entity Defendants work or worked, including work done in excess of forty hours each week.

4.  Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.  Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for

Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act ("FLSA"). This Court has supplemental jurisdiction over the New York State law claims, as they are so related to claims in this section within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District because Defendants conduct business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

*PLAINTIFFS*

8. Plaintiff CHEN LIN was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 from November 7, 2015 to March 23, 2016.

9. Plaintiff JIANQUN ZHANG was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 from November 7, 2015 to April 5, 2016.

10. Plaintiff DI PAN was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 from December 1, 2015 to April 5, 2016.

11. Plaintiff BO LIU was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 from November 7, 2015 to April 5, 2016.

12. Plaintiff JIALIANG PAN was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 from November 7, 2015 to April 5, 2016.

***DEFENDANTS***

***Entity Defendant THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop***

13. Defendant THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop is a domestic New York limited liability company that is incorporated on November 24, 2014 with a principal place of business at 36-36 Prince Street, Flushing, NY 11354.

14. THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15. THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop purchased and handled goods moved in interstate commerce.

16. THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop operates the New York hotspot store of Dolar Shop, a Chinese hotpot chain based in Shanghai, China, with other hot spot locations in Shanghai, Beijing, Nanjing, Hangzhou, Taichang, Wuhan, Changsa, Zhuhai, Macau, Suzhou, Hengyang, Zhuzhou, Wuxi, Zhangjiagang, and Indonesia.

17. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO.,

LTD., the management corporation of Dolar Shop, entered into a joint venture agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, whereby SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. retained fifty one percent (51%) of the ownership of THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop as well as any other Dolar Shop restaurants opened by YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung.

18. Per the terms of its joint venture agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. was to be responsible for providing technical and management staff to THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop; for determining the core management techniques of, among other things, operation and human resources for THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop; for providing training handbooks for use by the management of THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop in, among other things, learning the brand identity and corporate culture of Dolar Shop and the technical skills and processes of their positions; for determining the design, furnishing, and style of THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop;

19. At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop.

***Entity Defendant SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.***

20. Defendant SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. is a foreign Chinese corporation that is incorporated on November 19, 2009 with a principal place of business at Room 3401, Building 1, Hui Cui Garden, Lane 737, Caoxi North Road, Shanghai.

21. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO.,

LTD. has the registration number 913101126972469580 in China.

22. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

23. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. purchased and handled goods moved in interstate commerce.

24. Together with THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop, SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. operates the New York hotspot store of Dolar Shop, a Chinese hotpot chain based in Shanghai, China, with other hot spot locations in Shanghai, Beijing, Nanjing, Hangzhou, Taichang, Wuhan, Changsa, Zhuhai, Macau, Suzhou, Hengyang, Zhuzhou, Wuxi, Zhangjiagang, and Indonesia.

25. Upon information and belief, SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. also operates Dolar Shop's other hotspot locations.

26. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. is the management corporation of Dolar Shop.

27. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. entered into a joint venture agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, whereby SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. retained fifty one percent (51%) of the ownership of THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop as well as any other Dolar Shop restaurants opened by YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung.

28. Per the terms of its joint venture agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO.,

LTD. was to be responsible for providing technical and management staff to THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop; for determining the core management techniques of, among other things, operation and human resources for THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop; for providing training handbooks for use by the management of THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop in, among other things, learning the brand identity and corporate culture of Dolar Shop and the technical skills and processes of their positions; for determining the design, furnishing, and style of THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop;

29. At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.

***Owner/Operator Defendant YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung***

30. Defendant YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, known as "Lady Boss," to Plaintiffs is the owner, operator, manager, principal and/or agent of the THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354.

31. YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung has a 49% ownership interest in THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop. SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD. owns the remainder.

32. Defendant YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

***Owner/Operator Defendant TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken Cheung***

33. Defendant TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken Cheung, known as "Boss," to Plaintiffs is the operator, manager, principal and/or agent of the THE DOLAR SHOP

RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354.

34. Defendant TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken Cheung exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

35. TZU CHEUNG a/k/a Tzu Yen Cheung a/k/a Ken Cheung and YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung are husband and wife.

***Owner/Operator Defendant GE LI a/k/a Jerry Li***

36. Defendant GE LI a/k/a Jerry Li is a 22% shareholder and Chief Executive Officer of SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.

37. GE LI a/k/a Jerry Li is responsible for implementing SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.'s part of the operating agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, including but not limited to appointing and terminating managers to train and supervise the day-to-day managers of Dolar Shop on Prince Street

38. Defendant GE LI a/k/a Jerry Li exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

***Owner/Operator Defendant QIN BO LIANG a/k/a Alvin Liang***

39. Upon information and belief, Defendant QIN BO LIANG a/k/a Alvin Liang is an officer or principal of SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD., with the title "Project Coordinator."

40. QIN BO LIANG a/k/a Alvin Liang is responsible for implementing SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.'s part of the operating agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, including but not

limited to appointing and terminating managers to train and supervise the day-to-day managers of Dolar Shop on Prince Street

41. Defendant QIN BO LIANG a/k/a Alvin Liang exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

**Owner/Operator Defendant ZHONG BAO YUAN**

42. Defendant ZHONG BAO YUAN is a 66% shareholder of SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.

43. ZHONG BAO YUAN is responsible for implementing SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.'s part of the operating agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, including but not limited to appointing and terminating managers to train and supervise the day-to-day managers of Dolar Shop on Prince Street

44. Defendant ZHONG BAO YUAN exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

**Owner/Operator Defendant QIN CHUN GAO**

45. Defendant QIN CHUN GAO is a 9% shareholder of SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.

46. QIN CHUN GAO is responsible for implementing SHANGHAI SHENZHUANG THE DOLAR SHOP CATERING MANAGEMENT CO., LTD.'s part of the operating agreement with YU ZHANG a/k/a Yu Cheung a/k/a Suzie Cheung, including but not limited to appointing and terminating managers to train and supervise the day-to-day managers of Dolar Shop on Prince Street

47. Defendant QIN CHUN GAO exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

**Owner/Operator Defendant YING NAN QI a/k/a Frank Qi**

48. Defendant YING NAN QI a/k/a Frank Qi, known as "Supervisor," to Plaintiffs is one of several managers of the THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 dispatched by the Chinese headquarter of the Dolar Store to its New York hotpot restaurant.

49. Defendant YING NAN QI a/k/a Frank Qi exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

50. All four Owner/Operator Defendants (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

51. The four Owner/Operator Defendants require Plaintiffs and other Dolar Store employees to clock in. But at 24:00, though frequently Plaintiffs and other Dolar Store employees continued to work for Dolar Store, the four Owner would clock Plaintiffs out.

52. Dolar Shop managers XIN FENG WANG a/k/a Ruby Wang and YING NAN QI a/k/a Frank Qi have the power to hire and fire and in fact did personally interview and hire and fire the wait staff at THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop, including Plaintiffs LIN CHEN, JIANQUN ZHANG, DI PAN, BO LIU, and JIALING PAN.

53. Dolar Shop managers XIN FENG WANG a/k/a Ruby Wang and YING NAN QI a/k/a Frank Qi have the power and did exercise the power to assign wait staff to one of three work schedules (Schedule A, B, or C) in conjunction with Dolar Shop managers XIN FENG WANG

a/k/a Ruby Wang and YING NAN QI a/k/a Frank Qi.

54. Dolar Shop managers XIN FENG WANG a/k/a Ruby Wang and YING NAN QI a/k/a Frank Qi would assign Plaintiff wait staff to do side jobs, including to blot out dishes on the menu that the restaurant does not have, along with other miscellaneous side jobs almost every day, including buying restaurant goods for the store.

55. In response to the wait staff's complaint that waiters received only customer gratuities without any base pay at one of the daily mandatory meetings between the wait staff and the owner/management between 16:45 and 17:00, Manager XIN FENG WANG communicated with YU ZHANG and her husband TZU CHEUNG.

56. In consultation with YU ZHANG and her husband TZU CHEUNG, Manager XIN FENG WANG announced Defendants' decision to institute a monthly payment of two hundred dollars ($200) each month on December 1, 2015.

57. Dolar Shop owner YU ZHANG, as the cashier, determined how much each Plaintiff will be paid in check and in cash each payday when she cuts the paychecks.

***Owner/Operator Defendant XIN FENG WANG a/k/a Ruby Wang***

58. Defendant XIN FENG WANG a/k/a Ruby Wang, known as "Manager," to Plaintiffs is one of several managers of the THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 dispatched by the Chinese headquarter of the Dolar Store to its New York hotpot restaurant.

59. Defendant XIN FENG WANG a/k/a Ruby Wang exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

***Owner/Operator Defendant XIANG CHAO LIU***

60. Defendant XIANG CHAO LIU, known as "Manager," to Plaintiffs is one of several

managers of the THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop at 36-36 Prince Street, Flushing, NY 11354 dispatched by the Chinese headquarter of the Dolar Store to its New York hotpot restaurant.

61. Defendant XIANG CHAO LIU exercises sufficient controls of the Dolar Shop's day-to-day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and NYLL.

## STATEMENT OF FACTS

62. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

63. Pursuant to NYCRR Part 146-2.2 and 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

64. Further, Plaintiffs were required to commit part of their work day in non-tipped work.

65. For instance, Plaintiffs JUNMIN SHEN and YUZHU WANG are required to chop vegetables, do the dishes, mop the fool, peel the shrimp, prepare the pepper and onion for two to three hours each day.

66. Upon information and belief, this non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

67. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

68. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

69. While employed by Defendants, Plaintiffs were not exempt under federal and state laws

requiring employers to pay employees overtime.

70. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

71. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

72. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

73. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

74. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

***Plaintiff CHEN LIN***

75. From on or about November 7, 2015 to March 23, 2016, Plaintiff CHEN LIN was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop located at 36-36 Prince Street, Flushing, NY 11354 as a waiter.

76.       From November 7, 2015 to November 9, 2015, Plaintiff CHEN LIN's regular work schedule ran from 10:00 to 24:00 for fourteen (14) hours a day, and forty two (42) hours a week, with no break.

77.       From November 10, 2015 to November 30, 2015, Plaintiff CHEN LIN's regular work

schedule ran from 09:30 to 20:30 for eleven (11) hours a day for six (6) days a week, and sixty six (66) hours a week with one day off.

78.     However, Plaintiff CHEN LIN was required to stay until and even past 21:15, every day, staying over his designated work schedule for around forty five (45) minutes each day, and four and a half (4.5) hours each week.

79.     Though Plaintiff CHEN LIN was given a lunch break period between 15:00-17:00, he has to help out with side work assigned to him by the manager or as the restaurant requires almost every day.

80.     Furthermore, each day from 16:45-17:00, he, along the rest of Dolar Shop employees are required to be at a meeting between managers and managers, who would discuss how they could best improve upon customer service.

81.     As a result, Plaintiff CHEN LIN worked for a total of seventy and a half (70.5) hours each workweek.

82.     From December 1, 2015 to March 23, 2016, Plaintiff CHEN LIN's regular work schedule ran from 12:00 to 22:30 for four (4) days during the weekdays, and from 11:30-22:30 on Saturdays and Sundays, for two (2) days a week, with one day off, for a total of sixty four (64) hours each week.

83.     From November 7, 2015 to November 30, 2015, Plaintiff CHEN LIN was not paid at all by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop.

84.     From December 1, 2015 to March 23, 2016, Plaintiff CHEN LIN was paid a flat compensation of two hundred dollars ($200) each month.

85.     At all relevant times, Plaintiff CHEN LIN was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for

overtime work.

86.     Defendants never informed Plaintiff CHEN LIN that they were taking tip credit towards the minimum wage.

87.     Plaintiff CHEN LIN was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

88.     Plaintiff CHEN LIN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

***Plaintiff JIANQUN ZHANG***

89. From on or about November 7, 2015 to April 5, 2016, Plaintiff JIANQUN ZHANG was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop located at 36-36 Prince Street, Flushing, NY 11354 as a waiter.

90.     From November 7, 2015 to November 9, 2015, Plaintiff JIANQUN ZHANG's regular work schedule ran from 10:00 to 24:00 for fourteen (14) hours a day, and forty two (42) hours a week, with no break.

91.     From November 10, 2015 to January 10, 2016, Plaintiff JIANQUN ZHANG's regular work schedule ran from 13:00 to 24:00 for eleven (11) hours a day for six (6) days a week, with one day off, with no break.

92.     However, Plaintiff JIANQUN ZHANG was required to stay over her designated work schedule every day.

93.     From January 11, 2016 to March 6, 2016, Plaintiff JIANQUN ZHANG's regular work schedule ran from 14:00 to 24:00 for ten (10) hours a day for six (6) days a week and sixty (60) hours a week, with one (1) day off, with no break.

94.     From March 7, 2016 to April 5, 2016, Plaintiff JIANQUN ZHANG's regular work

schedule ran from 12:00 to 22:30 for six (6) days a week, for sixty three (63) hours each week.

95.     Though Plaintiff JIANQUN ZHANG was given a lunch break period between 15:00-17:00, he has to help out with side work assigned to her by the manager or as the restaurant requires almost every day.

96.     Furthermore, each day from 16:45-17:00, she, along the rest of Dolar Shop employees are required to be at a meeting between managers and managers, who would discuss how they could best improve upon customer service.

97.     Plaintiff JIANQUN ZHANG was not given a dinner break. He was told to eat dinner after business hours.

98.     From November 7, 2015 to November 30, 2015, Plaintiff JIANQUN ZHANG was not paid at all by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop.

99.     From December 1, 2015 to April 5, 2016, Plaintiff JIANQUN ZHANG was paid a flat compensation of two hundred dollars ($200) each month.

100.    At all relevant times, Plaintiff JIANQUN ZHANG was also not informed of her hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

101.    Defendants never informed Plaintiff JIANQUN ZHANG that they were taking tip credit towards the minimum wage.

102.    Plaintiff JIANQUN ZHANG was not compensated at least at one-and-one-half of the minimum wage or her calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

103.    Plaintiff JIANQUN ZHANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

*Plaintiff DI PAN*

104.     From on or about December 1, 2015 to April 5, 2016, Plaintiff CHEN LIN was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop located at 36-36 Prince Street, Flushing, NY 11354 as a waiter.

105.     From December 1, 2015 to March 6, 2016, Plaintiff DI PAN's regular work schedule ran from 15:00 to 25:30 (01:30 of the next day) for ten and a half (10.5) hours a day, and sixty three (63) hours a week, with no break.

106.     During this period, Defendants would clock Plaintiff DI PAN out at 24:00, even though he continued working till 25:30.

107.     From March 7, 2016 to April 5, 2016, Plaintiff DI PAN's regular work schedule ran from 12:00-22:30 for ten and a half (10.5) hours a day for six (6) days a week, and sixty three (63) hours a week, with no break.

108.     Though Plaintiff DI PAN was given a lunch break period between 15:00-17:00, he has to help out with side work assigned to him by the manager or as the restaurant requires almost every day.

109.     From November 7, 2015 to November 30, 2015, Plaintiff DI PAN was not paid at all by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop.

110.     From December 1, 2015 to April 5, 2016, Plaintiff DI PAN was paid a flat compensation of two hundred dollars ($200) each month.

111.     At all relevant times, Plaintiff DI PAN was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

112.     Defendants never informed Plaintiff DI PAN that they were taking tip credit towards the minimum wage.

113.     Plaintiff DI PAN was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

114.     Plaintiff DI PAN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

***Plaintiff BO LIU***

115.      From on or about November 7, 2015 to April 5, 2016, Plaintiff BO LIU was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop located at 36-36 Prince Street, Flushing, NY 11354 as a waiter.

116.     From November 7, 2015 to November 9, 2015, Plaintiff BO LIU's regular work schedule ran from 10:00 to 24:00 for fourteen (14) hours a day, and forty two (42) hours a week, with no break.

117.     From November 10, 2015 to January 3, 2016, Plaintiff BO LIU's regular work schedule ran from 15:00 to 25:30 (01:30 of the next day) for ten and a half (10.5) hours a day, and sixty three (63) hours a week, with no break.

118.     During this period, Defendants would clock Plaintiff BO LIU out at 24:00, even though he continued working till 25:30.

119.     From January 4, 2016 to April 5, 2016, Plaintiff BO LIU's regular work schedule ran from 12:00 to 22:30 for four (4) days during the weekdays, and from 11:30-22:30 on Saturdays and Sundays, for two (2) days a week, with one day off, for a total of sixty four (64) hours each week.

120.     However, he stayed around fifteen (15) additional minutes each day and one and a half hour each week, for a total of sixty five and a half (65.5) hours each workweek.

121.     Plaintiff BO LIU was not given a dinner break. He was told to eat dinner after

business hours.

122.     From November 7, 2015 to November 30, 2015, Plaintiff BO LIU was not paid at all by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop.

123.     From December 1, 2015 to April 5, 2016, Plaintiff BO LIU was paid a flat compensation of two hundred dollars ($200) each month.

124.     At all relevant times, Plaintiff BO LIU was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

125.     Defendants never informed Plaintiff BO LIU that they were taking tip credit towards the minimum wage.

126.     Plaintiff BO LIU was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

127.     Plaintiff BO LIU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

*Plaintiff JIALIANG PAN*

128.     From on or about November 7, 2015 to April 5, 2016, Plaintiff JIALIANG PAN was employed by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop located at 36-36 Prince Street, Flushing, NY 11354 as a waiter.

129.     From November 7, 2015 to November 9, 2015, Plaintiff JIALIANG PAN's regular work schedule ran from 10:00 to 24:00 for fourteen (14) hours a day, and forty two (42) hours a week, with no break.

130.     From November 10, 2015 to April 5, 2016, Plaintiff worked in the "A shift" for three months and the "C shift" for two months.

a.  Plaintiff JIALIANG PAN's regular "A shift" work schedule ran from 11:00 to 21:30 for four (4) days during the weekdays, and from 10:30-21:30 on Saturdays and Sundays, for six (2) days a week, with one day off, for a total of sixty four (64) hours each week.

b.  Plaintiff JIALIANG PAN's regular "C shift" work schedule ran from 12:00 to 22:30 for four (4) days during the weekdays, and from 11:30-22:30 on Saturdays and Sundays, for six (2) days a week, with one day off, for a total of sixty four (64) hours each week.

131.    From November 7, 2015 to November 30, 2015, Plaintiff JIALIANG PAN was not paid at all by THE DOLAR SHOP RESTAURANT GROUP, LLC d/b/a Dolar Shop.

132.    From December 1, 2015 to April 5, 2016, Plaintiff JIALIANG PAN was paid a flat compensation of two hundred dollars ($200) each month.

133.    At all relevant times, Plaintiff JIALIANG PAN was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

134.    Defendants never informed Plaintiff JIALIANG PAN that they were taking tip credit towards the minimum wage.

135.    Plaintiff JIALIANG PAN was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

136.    Plaintiff JIALIANG PAN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

137.    Plaintiffs bring this action individually and as class representative individually and

on behalf of all other and former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

138.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

139.    All said persons, including Plaintiffs, are referred to herein as the "Class."

140.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

141.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

142.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

        a.   Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

        b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

        c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

        d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

        e.   Whether Defendants maintained a common policy, pattern and/or practice of failing to provide requisite statutory meal periods for lunch and/or dinner;

        f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

        g.   Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

        h.   Whether Defendants deliberately shaved time off of the clock-in/clock-out system;

        i.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

143.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

144.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

### Superiority

145.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against Entity Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

146.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

147.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

148.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

149.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

150.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

151.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

152.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

153.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

154.     Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

155.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

156.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

157.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

158.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

159.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

160.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

161.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

162.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

163.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

164.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

165.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

166.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff and the class are entitled to.

167.     Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

168.     Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

169.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

170.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

171.     Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff and Rule 23 Class]

172.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

173.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

174.     Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

175.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

176.     Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiff and Rule 23 Class]

177.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

178.     Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

179.     In fact, Defendants shaved time off of Plaintiffs' time records.

180.     As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

181.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiffs' labor.

182.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

183.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

184.     The NYLL and supporting regulations require employers to provide a full and accurate written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

185.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay

cycle and rate of overtime on their or her first day of employment.

186.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

187.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

188.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

189.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

190.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

191.     Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### COUNT X.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

192.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

193.     26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

194.     Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349
### Brought on behalf of the Plaintiff]

195.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

196.     NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

197.     Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

198.     Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective

Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)   An injunction against Entity Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and

liquidated damages in the amount of one hundred percent (100%) under NY Wage Theft Prevention Act;

g)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)   Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)   Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)   Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

k)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)  The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
April 11, 2019

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and Proposed Class Plaintiffs*


  /s/John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

Email: johntroy@troypllc.com