UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHEN LIN, et al,

        Plaintiffs,

-against-

THE DOLAR SHOP RESTAURANT GROUP, LLC, et al.,

        Defendants.

Case No.:

1:16-cv-02474-RPK-TAM

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS DOLAR SHOP RESTAURANT GROUP LLC AND YING NAN QI'S MOTION FOR SUMMARY JUDGMENT**

Brian J. Shenker, Esq.
Jackson Lewis, P.C.
58 South Service Road, Ste. 250
Melville, New York 11747
Tel: 631-247-0404
*Attorneys for The Dolar Shop Restaurant Group, LLC and Ying Nan Qi*

# TABLE OF CONTENTS

**PAGE(S)**

ARGUMENT ..................................................................................................................1

    I.    Defendants Are Entitled to Dismissal of Plaintiffs' Wage Notice and Wage Statement Claims Under New York Labor Law Sections 195(1) and 195(3) Since Plaintiffs Lack Article III Standing ...............................................................1

    II.    Defendants Are Entitled to Dismissal of Plaintiffs' Failure to Provide Meals Claim Under the New York Labor Law ...............................................................2

    III.    Defendants Are Entitled to Dismissal of Plaintiffs' Record-Keeping Violation Claim Under the New York Labor Law ...............................................................2

    IV.    Defendants Are Entitled to Dismissal of Plaintiffs' Business Law § 349 Claim ....2

    V.    Defendants Are Entitled to Dismissal of Plaintiffs' Fraudulent Tax Return Claim Under 26 U.S.C. § 7434 .............................................................................2

CONCLUSION ................................................................................................................4

Defendants Dolar Shop Restaurant Group LLC ("Dolar Shop") and Ying Nan Qi ("Qi") (together, "Defendants"), respectfully submit this Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment.[1]

## ARGUMENT

### I. Defendants Are Entitled to Dismissal of Plaintiffs' Wage Notice and Wage Statement Claims Under New York Labor Law Sections 195(1) and 195(3) Since Plaintiffs Lack Article III Standing

Plaintiffs' half-hearted opposition does nothing to save the Section 195 claims of most Plaintiffs. Plaintiffs have submitted identical statements from Plaintiffs Ting Ting Lin, Jianqun Zhang, Di Pan, and Bizhu Ye, to the effect that they would have inquired about their wages earlier had they been provided the Section 195 information from Defendants. Regardless of whether such statements satisfy Lin's, Zhang's Pan's, and Ye's burdens, it is evident that no other Plaintiff in this action has set forth evidence regarding standing, and each of their Section 195 claims should accordingly be dismissed. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Every class member must have Article III standing in order to recover individual damages. Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not."). Thus, Plaintiffs Lin, Zhang, Pan, and Ye's statements concerning themselves does nothing to save the claims of the other Plaintiffs. Clearly, those Plaintiffs have failed to meet their burden to establish an "actual or imminent" injury, and therefore, lack, Article III standing.

---

[1] The undersigned counsel for Defendants notes that this law firm intended to electronically this Reply pursuant to Your Honor's bundling rule on February 10, 2025, however it appears it was not actually filed at that time.

## II. Defendants Are Entitled to Dismissal of Plaintiffs' Failure to Provide Meals Claim Under the New York Labor Law

As set forth in Defendant's moving papers, there is no private right of action for failure to provide meal breaks in New York. Recognizing this, Plaintiffs have stated they "do not object to the dismissal of" this cause of action concerning "provision of meals." *See* Plaintiffs' Opposition, p. 1.

## III. Defendants Are Entitled to Dismissal of Plaintiffs' Record-Keeping Violation Claim Under the New York Labor Law

Likewise, Plaintiffs have also conceded they are unable to assert a private right of action for alleged NYLL record-keeping violations. *See* Plaintiffs' Opposition, p. 1. Accordingly, this cause of action should also be dismissed.

## IV. Defendants Are Entitled to Dismissal of Plaintiffs' Business Law § 349 Claim

Similarly, Plaintiffs' Business Law Section 349 claim should be dismissed, as Plaintiffs do not object to the dismissal of this claim. *See* Plaintiffs' Opposition, p. 1.

## V. Defendants Are Entitled to Dismissal of Plaintiffs' Fraudulent Tax Return Claim Under 26 U.S.C. § 7434

While Plaintiffs submit opposition to the portion of Defendant's Motion seeking dismissal of Plaintiff Jianqun Zhang's fraudulent tax return claim, the result should nonetheless be the same. Even assuming arguendo that Zhang has met the other elements of such claim, it is indisputable that Zhang fails to satisfy the willfulness requirement for a Section 7434 claim. "Circuit courts around the country have found that 'willfulness' in the context of the Section 7434 requires a showing of intentional wrongdoing." *Wang v. Leo Chuliya, Ltd.*, 2024 U.S. Dist. LEXIS 88305, *6 (S.D.N.Y. May 16, 2024) ("In accordance with this persuasive authority, this Court has previously held that willfulness in the context of a Section 7434 claim 'connotes a

2

voluntary, intentional violation of a legal duty."). Indeed, "Congress made clear, however, that in creating the private right of action under Section 7434, it did not intend to open the door to unwarranted or frivolous actions or abusive litigation practices." *Id.* (citations omitted). Thus, in order to survive a motion to dismiss (a much more lenient standard than applied to this Motion), "a complaint must contain specific allegations supporting a plausible inference that a defendant voluntarily and intentionally knowingly issued false notices to the taxing authorities." *Id.*; quoting *Vandenheede v. Vecchio*, 541 F. App'x 577, 581 (6th Cir. 2013).

In *Wang*, the court granted a motion to dismiss where a pleading offered similar allegations as Zhang now sets forth. In *Wang*, the plaintiff "only conclusorily alleges that "[d]efendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff and that these information returns falsely stated that taxable income was received by Plaintiff . . . Plaintiff offers no specifics from which the Court can conclude that Defendants engaged in intentional wrongdoing." *Wang*, 2024 U.S. Dist. LEXIS 88305, at *7.

Here's Zhang's showing is similarly deficient. Zhang alleges he did not receive a W-2 for 2015 and received a W-2 for 2016 that allegedly set forth less wages and tips than he received. This is the entirety of Zhang's opposition. Nowhere does Zhang address the willfulness requirement. In fact, in a critical admission, Zhang admits that "Plaintiff have failed to adduce any evidence that Defendants willfully issued fraudulent information in a tax information return. *See* Plaintiff's 56.1 Statement, ¶ 34. Such an admission is fatal to Plaintiff's claim and warrants dismissal.

3

## CONCLUSION

For the foregoing reasons, Defendants respectfully submits that the Court should enter an Order granting Defendants' Motion for Summary Judgment and granting such other and further relief as this Court demes just and proper.

                                            Respectfully submitted,

                                            JACKSON LEWIS P.C.
                                            *ATTORNEYS FOR DEFENDANTS*
                                            *THE DOLAR SHOP RESTAURANT*
                                            *GROUP LLC and YING NAN QI*
                                            58 South Service Rd., Ste. 250
                                            Melville, New York 11747

Dated: May 28, 2025                    (631) 247-0404
      Melville, New York

                                By:       /s/
                                            Brian J. Shenker, Esq.

4909-7193-5513, v. 1